66 F.3d 466
 32 Fed.R.Serv.3d 754
 Elgin BARROW, Plaintiff-Appellant,
v.
WETHERSFIELD POLICE DEPT., Wethersfield, Town of, and John
Doe, Officer 1-10, Defendants,
Joseph F. Cefaratti, Kevin Dillon, John Karangekis, Arthur
Kureczka, Mark Miele and K.M. Monde, Defendants-Appellees.
 No. 1032, Docket 93-2821.
 United States Court of Appeals,
Second Circuit.
 Argued March 21, 1995.
Decided Sept. 14, 1995.
 
 Anthony A. Ball, Hartford, CT (Ball and Hill, P.C., of counsel), for plaintiff-appellant.
 Michael J. Lefebvre, West Hartford, CT (Sack, Spector & Barrett, of counsel), for defendants-appellees.
 Before: OAKES, KEARSE and LEVAL, Circuit Judges.
 OAKES, Senior Circuit Judge:
 
 
 1
 Elgin Barrow appeals from an order of the United States District Court for the District of Connecticut, Jose A. Cabranes, Judge, dismissing as untimely his claims made under 42 U.S.C. Sec. 1983 against six individual officers in the Wethersfield Police Department. We affirm.
 
 Facts
 
 2
 On August 15, 1990, Barrow, who was incarcerated at the time, filed a handwritten pro se complaint with the United States District Court for the District of Connecticut, alleging that certain unidentified officers of the Wethersfield Police Department used excessive force in effecting his arrest on September 12, 1987, in violation of 42 U.S.C. Sec. 1983. The Wethersfield Police Department was the only defendant named in his complaint. On the same date, Barrow filed an application to proceed in forma pauperis pursuant to 28 U.S.C. Sec. 1915(a). On October 16, 1990, the district court dismissed the complaint, sua sponte, under Fed.R.Civ.P. 12(b)(6), without prejudice and prior to the direction of service, on the grounds that a municipality or one of its agencies cannot be held liable under 42 U.S.C. Sec. 1983 solely on the basis of respondeat superior. The court gave Barrow thirty days to amend his complaint.
 
 
 3
 On March 13, 1991, the court entered a judgment in favor of the Wethersfield Police Department because Barrow failed to amend his complaint. On April 5, 1991, Barrow filed a document with the court which explained that he had not received the court's October 16, 1990, ruling, and also sent a new complaint which named as defendants the Wethersfield Police Department, the Town of Wethersfield and "Whethersfield [sic] Police Officer's, [sic] Et Al."
 
 
 4
 On May 22, 1991, the district court vacated its March 13, 1991, judgment dismissing the action, but, again finding Barrow's second complaint insufficient, the court instructed Barrow to amend his complaint on or before June 21, 1991. At this time, the court instructed Barrow to add the individual police officers as defendants, and specifically directed Barrow "to make every effort to obtain the names of the police officers who participated in his arrest on September 12, 1987." Barrow v. Wethersfield Police Dept., No. N-90-571 (JAC), at 2 (D.Conn. May 22, 1991).
 
 
 5
 On July 1, 1991, Barrow filed a third complaint which named as defendants the Wethersfield Police Department, the Town of Wethersfield, and ten "John Doe" officers. On July 24, 1991, presumably finding the complaint sufficient, the court ordered the complaint served on the defendants. On or about August 1, 1991, a United States Marshal served the Town and the Police Department and attempted to serve the ten "John Doe" defendants, but the Chief of the Wethersfield Police refused to accept process on behalf of unknown officers.
 
 
 6
 On September 10, 1991, Barrow moved for the appointment of pro bono counsel. The district court granted the motion the same day, and on September 23, 1991, a lawyer was appointed for Barrow. On January 16, 1992, Barrow, through his appointed counsel, moved to amend his complaint pursuant to Fed.R.Civ.P. 15. The proposed complaint named as defendants six officers of the Wethersfield Police Department: Joseph F. Cefaratti, Kevin Dillon, John Karangekis, Arthur Kureczka, Mark Miele and K.M. Monde. Barrow's motion was granted on March 4, 1992, and the complaint was served on the six officers on May 2 and 4, 1992.
 
 
 7
 On May 11, 1992, the six officers moved to dismiss the complaint under Fed.R.Civ.P. 12(b)(1) on the theory that the allegations set forth in the complaint were barred by the three-year statute of limitations applicable to Barrow's Sec. 1983 claims. See Owens v. Okure, 488 U.S. 235, 109 S.Ct. 573, 102 L.Ed.2d 594 (1989); Conn.Gen.Stat. Sec. 52-577. The district court granted the motion on June 10, 1992. The court found that Barrow's claims arose from an incident which took place on September 13, 1987.[1] Thus, the court found, the only pleading filed within the statute of limitations--by September 12, 1990--was the original complaint which was filed on August 15, 1990. The court noted that defendants' attorneys were not served with a complaint until August 7, 1991, considerably after the limitations period had expired. The court concluded that Barrow had "made no showing that the six individual defendants had even constructive knowledge of the claims against them within 120 days of the court's receipt of the initial complaint." Barrow, No. N-90-571 (JAC) (D.Conn. June 10, 1992).
 
 
 8
 Barrow appealed.
 
 Barrow's Argument on Appeal
 
 9
 Barrow's argument on appeal is twofold. Barrow argues, first, that we should adopt the policy set forth by the Seventh Circuit in Paulk v. Department of Air Force, 830 F.2d 79, 82-83 (7th Cir.1987)--that the statute of limitations of a pro se plaintiff's claim is tolled during the pendency of an accompanying motion to proceed in forma pauperis under 28 U.S.C. Sec. 1915, because in such cases the court, rather than the pro se plaintiff, is responsible for the issuance of the summons and the service of the complaint. Should we adopt the holding in Paulk, Barrow argues, the limitations period on his Sec. 1983 claims would have been tolled from the date he filed his original complaint and motion under Sec. 1915(a)--August 15, 1990--to the date on which the Town and the Police Department were served pursuant to the district court's order with the complaint listing the "John Doe" officers--August 7, 1991.
 
 
 10
 Barrow concedes that even if the limitations period were thusly tolled, his amended complaint identifying the individual police officers by name was filed outside the limitations period. He argues, however, secondly, that the amended complaint relates back under Fed.R.Civ.P. 15(c)(3) to the complaint naming the "John Doe" officers which was served on the Town and the Police Department and, therefore, was timely. Because we cannot agree with Barrow's reading of Rule 15(c)(3), we need not address his tolling argument.
 
 Discussion
 
 11
 We have stated that "[i]t is familiar law that 'John Doe' pleadings cannot be used to circumvent statutes of limitations because replacing a 'John Doe' with a named party in effect constitutes a change in the party sued." Aslanidis v. United States Lines, Inc., 7 F.3d 1067, 1075 (2d Cir.1993) (internal citations omitted). Thus, "[s]uch an amendment may only be accomplished when all of the specifications of Fed.R.Civ.P. 15(c) are met." Id.
 
 
 12
 As an initial matter, we note that Rule 15(c) was amended effective December 1, 1991--after Barrow's complaint was served on the Town and the Police Department, but before his amended complaint identifying the officers by name was filed and served. The district court and the parties in their briefs assumed that the amended version of the rule applies to this case. Consequently, we asked the parties to address at oral argument which version of the rule should apply. See Barrow v. Cefaratti, No. 93-2821 (2d Cir. March 16, 1995). The Supreme Court, in its 1991 order amending the Federal Rules of Civil Procedure, expressed its intention that "insofar as just and practicable," the amended versions of the rules should govern cases pending in the district courts on December 1, 1991. Order of April 30, 1991, Adopting Amendments to Federal Rules of Civil Procedure. Were the amendment to the rule material to the outcome of this case, we might remand to the district court for a determination of whether applying the amended version would be "just and practicable." See Woods v. Indiana Univ.-Perdue Univ., 996 F.2d 880, 885-86 (7th Cir.1993). We need not do so here, as the case turns on a requirement of Rule 15(c) which exists in both the pre- and post-amendment versions of the rule.
 
 
 13
 Prior to the 1991 amendments, under Rule 15(c) an amended complaint adding a new party related back to an original complaint if each of the following conditions were met:
 
 
 14
 (1) the claim must have arisen out of conduct set out in the original pleading; (2) "the party to be brought in must have received such notice that it will not be prejudiced in maintaining its defense"; (3) that party should have known that, but for a mistake of identity, the original action would have been brought against it; and (4) the second and third criteria must have been fulfilled within the established limitations period.
 
 
 15
 Aslanidis, 7 F.3d at 1075-76 (quoting Schiavone v. Fortune, 477 U.S. 21, 29, 106 S.Ct. 2379, 2384, 91 L.Ed.2d 18 (1986)).[2] Under the revised Rule 15(c), the first three requirements set out above are retained, but the fourth criteria is changed: an amended complaint relates back to the original if the second and third criteria are fulfilled within 120 days of the filing of the original complaint, and if the original complaint were filed within the limitations period. Commentary to Rule 15; Aslanidis, 7 F.3d at 1076.[3] Most importantly for this case, both versions of the rule allow an amended complaint adding a new party to relate back to the original complaint only if the new party "knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party." Fed.R.Civ.P. 15(c) (1987) & Fed.R.Civ.P. 15(c)(3) (1991) (emphasis added).
 
 
 16
 In Cornwell v. Robinson, 23 F.3d 694, 705 (2d Cir.1994), we held that this requirement of Rule 15(c) "that a new defendant 'knew' he was not named due to a mistake concerning identity presupposes that in fact the reason for his not being named was a mistake in identity." In Cornwell, the plaintiff "knew the identities" of the newly-added defendants at the time she filed her original complaint. Id. We thus found that her failure to name them originally "must be considered a matter of choice, not mistake," and, we held, therefore, that the amended complaint did not relate back to the original. Id.; see also Kilkenny v. Arco Marine Inc., 800 F.2d 853, 857-58 (9th Cir.1986) (where plaintiff fails to name the proper party in an original complaint for strategic purposes an amended complaint does not relate back), cert. denied, 480 U.S. 934, 107 S.Ct. 1575, 94 L.Ed.2d 766 (1987).
 
 
 17
 This case presents a different scenario from Cornwell. When Barrow filed his first three complaints, including the complaint naming the "John Doe" officers, he did not know the names of the officers involved in his arrest and alleged mistreatment. The question we are presented with, then, is whether defendants who are not named originally because the plaintiff lacks knowledge of their identity are, within the meaning of Rule 15(c)(3)(B), not named because of a "mistake" concerning their identity.
 
 
 18
 The Notes of the Advisory Committee on Rules accompanying the 1991 Amendment to Rule 15(c) shed some light on what the rule is intended to allow. The Notes, in describing the effect of the amendment, state:
 
 
 19
 An intended defendant who is notified of an action within the period allowed by Rule 4(m) for service of a summons and complaint may not under the revised rule defeat the action on account of a defect in the pleading with respect to the defendant's name, provided that the requirements of clauses of (A) and (B) have been met. If the notice requirement is met within the Rule 4(m) period, a complaint may be amended at any time to correct a formal defect such as a misnomer or misidentification.
 
 
 20
 Notes of the Advisory Committee on Rules, 1991 Amendment to Rule 15(c) (emphasis added). This commentary implies that the rule is meant to allow an amendment changing the name of a party to relate back to the original complaint only if the change is the result of an error, such as a misnomer or misidentification.
 
 
 21
 The Seventh Circuit has thus interpreted Rule 15(c), holding that the rule
 
 
 22
 permits an amendment to relate back only where there has been an error made concerning the identity of the proper party and where that party is chargeable with knowledge of the mistake, but it does not permit relation back where ... there is a lack of knowledge of the proper party.
 
 
 23
 Worthington v. Wilson, 8 F.3d 1253, 1256 (7th Cir.1993) (quoting Wood v. Worachek, 618 F.2d 1225, 1230 (7th Cir.1980)) (emphasis added). The First and Fourth Circuits have also adopted this interpretation of Rule 15(c). See Wilson v. United States Government, 23 F.3d 559, 563 (1st Cir.1994); Western Contracting Corp. v. Bechtel Corp., 885 F.2d 1196, 1201 (4th Cir.1989). See also Talbert v. Kelly, 799 F.2d 62, 66 n. 1 (3d Cir.1986) (the use of "John Doe" defendants did not extend or toll the statute of limitations); but see Varlack v. SWC Caribbean, Inc., 550 F.2d 171, 174-75 (3d Cir.1977) (amended complaint adding a specific employee related back to original complaint naming "unknown employee").
 
 
 24
 We are compelled to agree with our sister circuits that Rule 15(c) does not allow an amended complaint adding new defendants to relate back if the newly-added defendants were not named originally because the plaintiff did not know their identities. Rule 15(c) explicitly allows the relation back of an amendment due to a "mistake" concerning the identity of the parties (under certain circumstances), but the lack of knowledge of a party's identity cannot be characterized as a mistake.
 
 
 25
 Barrow's failure in his first three complaints to specify the defendants' names, and his listing of ten "John Does" in the complaint of July 1, 1991, were because he did not know the arresting officers' names. His amended complaint identifying six police officers by name--filed, by any calculation, after the statute of limitations had run--did not correct a mistake in the original complaint, but instead supplied information Barrow lacked at the outset. Since the new names were added not to correct a mistake but to correct a lack of knowledge, the requirements of Rule 15(c) for relation back are not met.
 
 Conclusion
 
 26
 As the amended complaint adding the individual police officers does not relate back to the complaint naming the "John Doe" officers, the claims brought against those officers are untimely. Judgment affirmed.
 
 
 
 [1]
 We assume that this date is a typographical error. Each of Barrow's complaints allege that the incident in question occurred on September 12, 1987, not September 13
 
 
 [2]
 Rule 15(c), prior to the 1991 amendments, states in relevant part:
 Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment related back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against the party to be brought in by amendment that party (1) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.
 
 
 [3]
 Rule 15(c), as amended, states in relevant part:
 An Amendment of a pleading relates back to the date of the original pleading when ...
 (2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, or
 (3) the amendment changes the party or the naming of the party against whom a claim is asserted if the foregoing provision (2) is satisfied and, within the period provided by Rule 4(m) for service of the summons and complaint, the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.