Juan Antonio TAPIA–ORTIZ,
Plaintiff–Appellant,

v.

John DOE, DEA Agents, Michael Kevin
McGurk, DEA Agent, Miles Sonn, U.S.
Customs Agent, Alan Bradford Payne,
U.S. Customs Agent, Dominick Ge-
rand, U.S. Customs Agent, Defen-
dants–Appellees,

United States of America, Defendant.

Docket No. 98–6103

United States Court of Appeals,
Second Circuit.

Argued March 18, 1999.

Decided March 26, 1999.

Juan Antonio Tapia–Ortiz, pro se, White Deer, PA.

Charles P. Kelly, Assistant United States Attorney, Eastern District of New York, Brooklyn, NY, for Zachary W. Carter, United States Attorney (Deborah B. Zwany, Assistant United States Attorney, on the brief), for Defendants–Appellees.

Before: McLAUGHLIN, CALABRESI, and GIBSON, Circuit Judges.*

PER CURIAM:

Plaintiff-appellant Juan Antonio Tapia–Ortiz, *pro se*, appeals from an order dated April 16, 1998, in the United States District Court for the Eastern District of New York (Thomas C. Platt, *J.*). The court granted summary judgment for the defendants-appellees—named and unnamed officers of the Drug Enforcement Administration ("DEA")—and dismissed as time-barred Tapia–Ortiz's *Bivens* action alleging that the officers had used excessive force while arresting him in 1991. We affirm this part of the district court's judgment. With respect to Tapia–Ortiz's claim that the district court misconstrued his motion to withdraw the United States as a party to the *Bivens* action as a motion to withdraw his suit against the United States under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671–2680, we conclude that the district court erred. Moreover, we hold that Tapia–Ortiz's FTCA claim is not time-barred. Accordingly, we remand the case to the district court with instructions to reinstate Tapia–Ortiz's FTCA action.

## BACKGROUND

Tapia–Ortiz was arrested on September 7, 1991, and charged with various drug offenses of which he was eventually convicted. On September 4, 1993, less than two years after his arrest, Tapia–Ortiz mailed an administrative complaint from prison to the DEA alleging that the arresting officers had used excessive force against him. This administrative claim was received by the DEA on September 8, 1993, more than two years after the alleged incident, and was denied on the merits.

Tapia–Ortiz then timely filed a *Bivens* action in district court against "John Doe (DEA Agents)." On June 20, 1996, almost two years after the statute of limitations for *Bivens* actions had run, he filed an amended complaint that specifically identified some of the "John Doe" officers by name. Also in 1996, Tapia–Ortiz added the United States to the suit as a defendant in a federal "Tort Claim action." But in 1997, he changed his mind and moved the district court "to withdraw the United States as a defendant in this *Bivens action*," and the motion was granted. (emphasis added) Since the district court made no reference to Tapia–Ortiz's FTCA claim in its final judgment, we assume that the court construed this motion as withdrawing Tapia–Ortiz's entire FTCA action against the United States, rather than as a motion to withdraw the United States only as a party to the *Bivens* action (brought against the individual DEA officers).

Shortly thereafter, the district court granted summary judgment for the named and unnamed officers. The court held that Tapia–Ortiz's failure to name specifically any defendants within the three-year statute of limitations period for a *Bivens* action rendered the suit time-barred.

## DISCUSSION

First, we address the *Bivens* claim. The statute of limitations for *Bivens* actions arising in New York is three years. *See Owens v. Okure*, 488 U.S. 235, 251, 109 S.Ct. 573, 102 L.Ed.2d 594 (1989). Although Tapia–Ortiz filed his complaint

---

* The Honorable John R. Gibson, Circuit Judge of the United States Court of Appeals for the Eighth Circuit, sitting by designation.

naming the defendant officers as "John Does" within the three-year statute of limitations period, "[i]t is familiar law that 'John Doe' pleadings cannot be used to circumvent statutes of limitations because replacing a 'John Doe' with a named party in effect constitutes a change in the party sued." *Aslanidis v. United States Lines, Inc.,* 7 F.3d 1067, 1075 (2d Cir.1993) (citations omitted). And even when a suit is brought by *pro se* litigant, "an amended complaint adding new defendants [cannot] relate back if the newly-added defendants were not named originally because the plaintiff did not know their identities." *Barrow v. Wethersfield Police Dept.,* 66 F.3d 466, 470 (2d Cir.1995). Tapia–Ortiz's failure until two years after the expiration of the statute of limitations period to name specifically in his complaint the officers who allegedly violated his rights is therefore fatal to his *Bivens* claim.

■ We next turn to the question of whether Tapia–Ortiz actually withdrew his FTCA claim against the United States when he moved the district court "to withdraw the United States as a party to this *Bivens* action." It is well-established that *pro se* complaints are to be construed liberally in favor of the *pro se* litigant. *See Haines v. Kerner,* 404 U.S. 519, 520–21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972) (per curiam). There are indications in the record that Tapia–Ortiz understood at the time that he added the United States as a party that it would be in his suit just as part of an FTCA claim. On that reading, Tapia–Ortiz could not have intended to withdraw the United States from the *Bivens* action in which it was not a part. On the other hand, his motion of withdrawal did specify that he was withdrawing the United States only in the *Bivens* action. Given the ambiguity of Tapia–Ortiz's filings before the district court, we believe that the court should not, without further inquiry, have

construed his motion as a motion to withdraw the FTCA claim.

■ The government argues that even if Tapia–Ortiz did not withdraw his FTCA suit, that action is time-barred. A claim made under the FTCA must be made to the appropriate federal agency within two years of the date the claim accrued. *See* 28 U.S.C. § 2401(b) (1994). Tapia–Ortiz's administrative complaint was not received by the DEA until September 8, 1993, which was one day after the two-year statute of limitations period had run. But the administrative claim was mailed by Tapia–Ortiz to the DEA from prison on September 4, 1993, a few days before the two-year filing deadline.

We have held that a *pro se* prisoner's § 1983 complaint is deemed filed, for statute of limitations purposes, when it is delivered to prison officials. *See Dory v. Ryan,* 999 F.2d 679, 682 (2d Cir.1993) (citing *Houston v. Lack,* 487 U.S. 266, 270, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988)). This rule is founded on the notion that "[u]nlike other litigants, the *pro se* prisoner litigant cannot personally ensure receipt of his legal documents by the court clerk." *Id.* at 682. Since, with regard to the difficulties inherent in being a *pro se* prisoner litigant, we see no difference between the filing of a court action and the filing of an administrative claim, we hold that *Dory* applies to an FTCA administrative filing.[1] It follows that Tapia–Ortiz's FTCA claim, which was mailed from prison before the statute of limitations period had run, is not time-barred.

The judgment of the district court granting summary judgment on the *Bivens* action is affirmed. We remand the case to the district court for further proceedings on Tapia–Ortiz's FTCA suit.

---

**1.** *Houston* does not apply, of course, when there is a specific statutory regime to the contrary. *See Fex v. Michigan,* 507 U.S. 43, 113 S.Ct. 1085, 122 L.Ed.2d 406 (1993) (de-

clining to apply the *Houston* principle to the Interstate Agreement on Detainers ("IAD") due to the explicit language of the IAD).