Joanne BARNES,

v.

PRINCE GEORGE'S COUNTY, MD, et al.

No. CIV.A. DKC 2002–1610.

United States District Court, D. Maryland.

May 8, 2003.

Anthony Herman, Robert J. Lundman, Covington and Burling, Washington, DC, Avis E. Buchanan, Eliza Tamsin Platts Mills, Washington Lawyers Committee for Civil Rights and Urban Aff., Washington, DC, for Plaintiff.

John Anthony Bielec, U.S. General Accounting Office, Office of General Counsel Legal Services and Ethics, Washington, DC,

Kristin Marie Hileman Adams, Krystal Quinn Alves, Prince George's County Office of Law, Upper Marlboro, MD, for Defendants.

## MEMORANDUM OPINION

CHASANOW, District Judge.

On March 26, 2002, Joanne Barnes, Plaintiff, filed suit in the Circuit Court for Prince George's County, Maryland, against the County, Chief of Police John S. Farrell,[1] Officer Katherine Provost, Corporal Jessie Standifer, an Officer "John Doe" of the Police Department and Officers "John and/or Jane Does 2—5" of the Department of Corrections, alleging violations of her rights on March 27–28, 1999. The case was subsequently removed to this court on May 6, 2002. By motion filed March 26, 2003, Plaintiff seeks leave to amend to name Corporal James Fournier in place of Police Officer John Doe. The issues are fully briefed, and the court now rules pursuant to Local Rule 105.6, no hearing being deemed necessary. For the reasons that follow, the motion will be denied.

### I.  Standard of Review

A party may move to amend her complaint pursuant to Rule 15(a) and "leave shall be freely given when justice so requires." FED. R. CIV. P. 15(a). Under Rule 15(a), "[t]he decision to grant a party leave to amend its pleadings rests within the sound discretion of the district court." *HealthSouth Rehabilitation Hospital v. American Red Cross*, 101 F.3d 1005, 1010 (4th Cir.1996), *cert. denied*, 520 U.S. 1264, 117 S.Ct. 2432, 138 L.Ed.2d 194 (1997), *citing Sandcrest Outpatient Serv. v. Cumberland County Hosp. Sys.*, 853 F.2d 1139, 1148 (4th Cir.1988). The general and oft-cited rule is that leave sought should be freely given, "in the absence of any apparent or declared reason such as undue delay, bad faith or dilatory motive on the part of the movant, ... undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc....."

Foman v. Davis, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962).

■ One circumstance rendering amendment futile is when the statute of limitations has run and the amendment would not relate back under Rule 15(c). If relation back is not appropriate and the claim in the amendment is subject to a motion to dismiss, denial of leave to amend is appropriate. *Frank M. McDermott, Ltd. v. Moretz*, 898 F.2d 418, 420–21 (4th Cir.1990). Rule 15(c) provides:

An amendment of a pleading relates back to the date of the original pleading when

(1) relation back is permitted by the law that provides the statute of limitations applicable to the action, or

(2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, or

(3) the amendment changes the party or the naming of the party against whom a claim is asserted if the foregoing provision (2) is satisfied and, within the period provided by Rule 4(m) for service of the summons and complaint, the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

### II.  Analysis

The claims Plaintiff seeks to assert against Corporal Fournier are subject to a three-year statute of limitations, which has already run. Thus, unless the proposed amendment relates back to the date of the original filing, the claims will be time-barred and the proposed amendment futile.

Plaintiff contends, of course, that the proposed substitution of Corporal Fournier for Officer John Doe No. 1 meets all of the requirements of Rule 15(c)(2) and (3).[2] How-

---

1.  The parties have stipulated to the dismissal of Defendant Farrell, and he is not named in the First Amended Complaint.

2.  Plaintiff does not argue pursuant to Rule 15(c)(1) that Maryland law, which supplies the statute of limitations, permits relation back under these circumstances. For a discussion of "John Doe" pleadings and relation back of amendments under Maryland procedure, *see Nam v. Montgomery County, Maryland*, 127 Md. App. 172, 732 A.2d 356 (1999).

ever, Plaintiff cannot meet the "mistake" requirement in Rule 15(c)(3)(B) because a lack of knowledge of the true identity of a party does not qualify as a "mistake" as that term is interpreted by a majority of circuits, including the Fourth. A recent opinion in the Central District of California identified some of the many courts that have held that lack of knowledge of identity does not constitute mistake:

> [T]he courts of appeal that have confronted the issue are in near-unanimity that lack of knowledge is not a "mistake." *See [Wayne v.] Jarvis,* 197 F.3d [1098] at 1103–04 [(11th Cir.1999)]; *Baskin [v. City of Des Plaines],* 138 F.3d [701] at 704 [(7th Cir. 1998)]; *Jacobsen v. Osborne,* 133 F.3d 315, 321 (5th Cir.1998)("[F]or a 'John Doe' defendant, there was no mistake in identifying the correct defendant; rather, the problem was not being able to identify that defendant."); *Cox v. Treadway,* 75 F.3d 230, 240 (6th Cir.1996)(lack of knowledge of identity of Doe defendant does not "satisfy the 'mistaken identity' requirement of Rule 15(c)(3)(B)"); *Barrow v. Wethersfield Police Dep't,* 66 F.3d 466, 470 (2d Cir.1995) ("[Plaintiff's] amended complaint ... did not correct a mistake in the original complaint, but instead supplied information [plaintiff] lacked at the outset. Since the new names were added not to correct a mistake but to correct a lack of knowledge, the requirements of rule 15(c) for relation back are not met."), *modified,* 74 F.3d 1366 (2d Cir.1996); *Wilson v. United States Gov't,* 23 F.3d 559, 563 (1st Cir.1994) (holding that there was "no 'mistake concerning the identity of the proper party,' as required by Rule 15(c)(3). Rather, [plaintiff] merely lacked knowledge of the proper party."); *Western Contracting Corp. v. Bechtel Corp.,* 885 F.2d 1196, 1201 (4th Cir.1989)(noting that Rule 15(c) "does not permit relation back where ... there is a lack of knowledge of the proper party")
> ....

*Butler v. Robar Enterprises, Inc.,* 208 F.R.D. 621, 623–24 (C.D.Ca.2002).

The Fourth Circuit jurisprudence on this subject is squarely in line with the majority. In *Western Contracting Corp. v. Bechtel*

*Corp.,* 885 F.2d 1196, 1201 (4th Cir.1989), the court adopted the following rationale stated by the Seventh Circuit:

> Rule 15(c)(2) [3] permits an amendment to relate back where there has been an error made concerning the identity of the proper party and where that party is chargeable with knowledge of the mistake, but it does not permit relation back where, as here, there is a lack of knowledge of the proper party. *Wood v. Worachek,* 618 F.2d 1225, 1230 (7th Cir.1980) (citation omitted).

*See also Worthington v. Wilson,* 8 F.3d 1253, 1256 (7th Cir.1993). Another Fourth Circuit district court applied this rule in *Wilkerson v. C.D. Thrift,* 124 F.Supp.2d 322, 328 (W.D.N.C.2000), *citing Rennie v. Omniflight Helicopters, Inc.,* 165 F.3d 19 (table), 1998 WL 743678 *2 (4th Cir.1998) (unpublished decision).

Plaintiff relies solely on a Third Circuit case, *Singletary v. Pennsylvania Dep't of Corrections,* 266 F.3d 186 (3d Cir.2001), for the proposition that the use of a "John Doe" to hold the place of a party whose identity is unknown is, or should be, considered a "mistake." Plaintiff also quarrels with the conclusion that the Fourth Circuit in *Bechtel* aligned itself with the majority of circuits that hold that lack of knowledge of identity does not constitute a mistake.

Notwithstanding the Third Circuit's reluctance to join the majority, the decisions adopting the majority view are unequivocal. For example, in *Barrow v. Wethersfield Police Dept.,* 66 F.3d 466, 469–70 (2d Cir.1995), the Second Circuit stated that

> [w]e are compelled to agree with our sister circuits that Rule 15(c) does not allow an amended complaint adding new defendants to relate back if the newly-added defendants were not named originally because the plaintiff did not know their identities. Rule 15(c) explicitly allows the relation back of an amendment due to a "mistake" concerning the identity of the parties (under certain circumstances), but the failure to identify individual defendants when the plaintiff knows that such defendants must

---

**3.** At the time the opinion in *Bechtel* was written, the provision of Rule 15(c) concerning "mistake" was numbered 15(c)(2) rather than the current 15(c)(3).

be named cannot be characterized as a mistake.

In *Taylor v. City of Winnfield*, 191 F.R.D. 511, 514–15 (W.D.La.2000), the court stated that

> [plaintiff] cannot now amend his complaint to identify defendant John Doe. *Jacobsen v. Osborne*, 133 F.3d 315 (5th Cir.1998), is squarely on point and dictates that, under these circumstances, an amendment to substitute a named party for a John Doe defendant may *not* relate back to the filing of the original complaint under Rule 15(c)(3) in order to prevent prescription. *See id.* at 320–22. The reasoning is as follows: The purpose of Rule 15(c) is to allow an amendment changing the name of a party to relate back to the original complaint *only if* the change is the result of an error. For a John Doe defendant, there was no error in identifying the correct defendant; rather, the problem was not being able to identify that defendant. *See id.* at 320–21.

The Notes of the Advisory Committee on Rules accompanying the 1991 Amendment to Rule 15(c) shed some light on the intent of the rule:

> An intended defendant who is notified of an action within the period allowed by Rule 4(m) for service of a summons and complaint may not under the revised rule defeat the action on account of a *defect in the pleading with respect to the defendant's name*, provided that the requirements of clauses (A) and (B) have been met. If the notice requirement is met within the Rule 4(m) period, a complaint may be amended at any time *to correct a formal defect such as a misnomer or identification.*

Notes of the Advisory Committee on Rules, 1991 Amendment to Rule 15(c) (emphasis added). The Second Circuit in *Barrow* notes that this commentary implies "that the rule is meant to allow an amendment changing the name of a party to relate back to the original complaint only if the change is the result of an error, such as a misnomer or misidentification." 66 F.3d at 469.

■ Given the near unanimity among the circuits and the explication by the Advisory Committee, the court cannot say that the naming of John Doe as a defendant constitutes the requisite mistake for the purposes of relation back. While the Third Circuit in *Singletary* may seem to view the outcome of disallowing John Doe cases to relate back as harsh, such a position disregards the fact that the decision of when to file a complaint and how much room to allow for error belongs to the plaintiff. Maryland's three-year statute of limitations, which the parties agree is applicable to this action, is fairly generous. Plaintiff waited until the very end of that entire period before filing suit. While there might be more force to the argument that the relation back rule is too stringent in situations where a shorter statute of limitations applies, Plaintiff in this case had ample time to recover from the alleged constitutional violations and seek to learn the identities of the alleged violators. For the foregoing reasons, the court finds that the proposed amendment substituting Corporal Fournier for Officer John Doe does not relate back to the original complaint.

## III. Conclusion

Because it would be futile to allow Plaintiff now to amend her complaint to name Corporal Fournier, her motion for leave to amend will be denied by separate Order.

## ORDER

For the reasons stated in the foregoing Memorandum Opinion, it is this ____ day of May, 2003, by the United States District Court for the District of Maryland, ORDERED that:

1. Plaintiff's motion for leave to amend BE, and the same hereby IS, DENIED; and

2. The Clerk will transmit copies of the Memorandum Opinion and this Order to counsel for the parties.