**William VINEYARD, Plaintiff,**

v.

**COUNTY OF NASSAU, John Doe # 1 and John Doe # 2, sued in their individual and official capacities, Defendants.**

No. 02–CV–3817 (DRH).

United States District Court, E.D. New York.

July 7, 2004.

---

William Vineyard, pro se, Collins Correctional Facility, Collins, NY.

Lorna B. Goodman, Nassau County Attorney's Office, Mineola, NY by Sean R. Strockyj, for Defendants.

## MEMORANDUM OF DECISION AND ORDER

HURLEY, District Judge.

Plaintiff filed this action alleging federal claims for false arrest, false imprisonment, malicious prosecution and abuse of process. Presently before the Court is Defendant County of Nassau's ("Defendant") motion for summary judgment pursuant to Federal Rule of Civil Procedure 56. For the reasons that follow, Defendant's motion is granted.

### BACKGROUND

Plaintiff's original complaint alleges that the County of Nassau, a detective from within the Nassau County Police Department—"John Doe # 1," and a Village of Hempstead police officer—"John Doe # 2," violated his civil rights by falsely arresting and imprisoning him and maliciously prosecuting him. Additionally, Plaintiff's original complaint included a claim for abuse of process. Plaintiff alleges that these incidents occurred on November 11, 2000 and December 6, 2000. Defendant previously moved to dismiss Plaintiff's complaint, and on May 12, 2003, the Court granted its motion in part, dismissing the abuse of process claim without prejudice. The Court also granted Plaintiff leave to file an amended complaint within thirty (30) days of its May 12th order.

Approximately seven months later, on December 18, 2003, Plaintiff wrote to the Court asking for an extension of time to file an amended complaint. By order dated January 5, 2004, the Court denied Plaintiff's request for an extension of time

to amend his complaint, and dismissed his abuse of process claim with prejudice.

In his opposition to the instant motion, Plaintiff has changed the caption to include the names of the two officers in place of "John Doe # 1" and "John Doe # 2," and has added four additional individuals— two Village of Hempstead officers and two Home Depot employees. (*See* Pl.'s Decl. of 2/27/04, at 1.) The Court will construe Plaintiff's submission as a motion to amend and will address it accordingly.

The following facts are undisputed: on November 11, 2000, Plaintiff signed a "trespass" form at the police headquarters in Hempstead, New York. The form stated that Plaintiff was forbidden to enter the Home Depot in Hempstead, or any other store location, and if he did, he would be considered a criminal trespasser in violation of New York Penal Law Section 140.05. (*See* Def.'s Mem. at Ex. D.) The events preceding Plaintiff's signing of the form are in dispute. Plaintiff claims that he was unlawfully arrested and imprisoned by Village of Hempstead officers. Defendants claim that Plaintiff was not in fact arrested, but detained him due to a shoplifting allegation; and in any event, no officer from the Nassau County Police Department, or any other County agency, took part in the events on November 11, 2000.

It is undisputed that on December 6, 2000, Plaintiff was arrested at the Home Depot in Hempstead. He was charged with Burglary in the Third Degree (N.Y. Penal Law § 140.20) and Robbery in the Third Degree (N.Y. Penal Law § 160.05) for stealing two small electrical saws. The burglary charged was eventually dismissed, and Plaintiff pled guilty to Attempted Robbery in the Third Degree, for which he served a one and one-half to three year sentence. (*See* Defs.' Mem. at Exs. A–C.)

Defendant argues that it is entitled to summary judgment on Plaintiff's municipal liability claims because the undisputed facts do not support any municipal violations.

### DISCUSSION

### I. Motion to Amend

 Fed.R.Civ.P. 15(a) provides that "leave [to amend a pleading] shall be freely given when justice so requires." *See also Zahra v. Town of Southold*, 48 F.3d 674, 685 (2d Cir.1995); *Block v. First Blood Associates*, 988 F.2d 344, 350 (2d Cir.1993). The district court has the discretion to deny leave for reasons such as futility, bad faith, undue delay, or undue prejudice to the opposing party. *See Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962). Where the motion is made after an inordinate delay, no satisfactory explanation is offered for the delay, and the amendment would prejudice other parties, or where the belated motion would unduly delay the course of proceedings by, for example, introducing new issues for discovery, the court is within its discretion to deny leave to amend. *Grace v. Rosenstock*, 228 F.3d 40, 53–54 (2d Cir.2000), *cert. denied sub nom. Grace v. Genser*, 532 U.S. 923, 121 S.Ct. 1362, 149 L.Ed.2d 290 (2001).

 Plaintiffs' alleged injuries occurred on November 11, 2000 and December 6, 2000. The applicable statute of limitations period for a Section 1983 action that accrued in New York is three years. *See Jaghory v. New York State Dep't of Educ.*, 131 F.3d 326, 331 (2d Cir.1997). Thus, the statute of limitations in Plaintiffs' action expired on December 6, 2003. Although Plaintiff timely filed his complaint on July 1, 2002, he did not seek to substitute the names of the "John Doe" defendants until after the statute of limita-

tions expired. Accordingly, Plaintiff can amend the complaint if the amendments relate back to the original timely complaint.

Fed.R.Civ.P. 15(c) provides, in relevant part, that an amendment relates back to an original pleading when

> (2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, or
> (3) the amendment changes the party or the naming of the party against whom a claim is asserted if the foregoing provision (2) is satisfied and, within [120 days of filing the complaint], the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

■ In order to use the relation back doctrine to add defendants after the statute of limitations has run, a plaintiff must establish three things: both complaints must arise out of the same conduct, transaction, or occurrence; the additional defendants must have been omitted from the original complaint by mistake; and the additional defendants must not be prejudiced by the delay.

Plaintiff's original complaint named the County of Nassau and two "John Doe" defendants, and his amended complaint deletes the two John Does and seeks to add a total of six individual defendants— three Village of Hempstead officers: P.O. Thomas J. Tunstall, P.O. John A. Juergons, and P.O. Heath Hughes; two Home Depot employees: Frank Spadaro and Michael Nelson; and one Nassau County Detective:

Nathaniel A. Armitt. It is undisputed that the claims sought to be alleged against the "John Doe" Defendants arise out of the same transaction or occurrence as the claims on November 11, 2000 and December 6, 2000, as alleged in Plaintiff's original complaint.

■ Next, Plaintiff must show that the "John Doe" Defendants were not named due to a mistake. "Rule 15(c) explicitly allows the relation back of an amendment due to a "mistake" concerning the identity of the parties (under certain circumstances), but the failure to identify individual defendants when the plaintiff knows that such defendants must be named cannot be characterized as a mistake." *Barrow v. Wethersfield Police Dep't*, 66 F.3d 466 (2d Cir.1995), *modified*, 74 F.3d 1366, 1367 (2d Cir.1996). "A proposed amendment to substitute a named party for a John Doe defendant, however, is not the result of error, but rather the result of ignorance of the identity of the defendant at the time the complaint was filed. Under Rule 15(c)(3), such an amendment does not constitute a 'mistake' concerning the identity of the proper party, and therefore it does not relate back to the date of the original complaint." *Sepulveda v. City of New York*, No 01 CV 3117, 2003 WL 22052870, at *2 (S.D.N.Y. 2003) (citing *Barrow*, 66 F.3d at 469).

> The Advisory Committee Notes to [Rule 15(c)(3) ] state that this subsection cures the problems that arise, for example, when a defendant mistakenly sues an agency of the government without knowing that the cause of action requires the defendant to sue an agency head. An amendment to cure such a mistake, the Notes indicate, should relate back to the original amendment if the requirements of Rule 15(c) are met—in other words, such an amendment arises out of a "mistake" as Rule 15(c) intends that term.

*Barrow v. Wethersfield Police Dept.,* 74 F.3d 1366, 1367 (2d Cir.1996).

Here, Plaintiff does not claim that he mistakenly believed that suing the County of Nassau, rather than individual officers, would suffice. Nor does Plaintiff allege that he would have named the six individual defendants in his original complaint but for a mistake concerning their identity. Since Plaintiff's amendment seeks to correct a lack of knowledge, rather than a mistake of fact or law, he has not met the requirements of Rule 15(c). *Barrow,* 66 F.3d at 470 ("Since the new names were added not to correct a mistake but to correct a lack of knowledge, the requirements of Rule 15(c) for relation back are not met."); *Tapia–Ortiz v. Doe,* 171 F.3d 150, 152 (2d Cir.1999) (" 'an amended complaint adding new defendants [cannot] relate back if the newly-added defendants were not named originally because the plaintiff did not know their identities' ") (quoting *Barrow,* 66 F.3d at 470); *Perez v. New York City Police,* 234 F.3d 1262, 2000 WL 1715248, at *1 (2d Cir.2000) (finding "that the District Court did not exceed its allowable discretion in denying [plaintiff]'s motion to amend his complaint to add the "Doe" defendants. [Plaintiff]'s failure to name the "Doe" defendants by their proper names within the applicable statutes of limitations—three years for §§ 1983 and 1985 and one year for § 1986—is fatal to his claims."); *Bove v. New York City,* 213 F.3d 625, 2000 WL 687720, at *1 (2d Cir. 2000); *Sepulveda,* 2003 WL 22052870, at *3 (denying leave to amend where plaintiff sought to substitute named officers for "John Doe" defendants after the statute of limitations expired). Accordingly, Plaintiffs' motion to amend is denied.

## II Municipal Liability Claim

Having determined that Plaintiff may not amend his complaint to add the additional defendants, Plaintiff's remaining claims exist solely against the Defendant County of Nassau. Defendant argues that Plaintiff has not articulated a municipal policy which allegedly lead to the violation of his constitutional rights, and thus his claims must be dismissed.

Summary judgment is appropriate if the record "show[s] that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); *see also Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Wilkinson v. Russell,* 182 F.3d 89, 96–97 (2d Cir.1999), *cert. denied,* 528 U.S. 1155, 120 S.Ct. 1160, 145 L.Ed.2d 1072 (2000); *In re Blackwood Associates, L.P.,* 153 F.3d 61, 67 (2d Cir.1998). The Court must resolve all ambiguities and draw all reasonable inferences in the light most favorable to the party opposing the motion. *See Quaratino v. Tiffany & Co.,* 71 F.3d 58, 64 (2d Cir.1995); *Twin Laboratories, Inc. v. Weider Health & Fitness,* 900 F.2d 566, 568 (2d Cir.1990). At its core, the Court's function in deciding a motion for summary judgment is "issue finding," not "issue resolution." *Gallo v. Prudential Residential Services,* 22 F.3d 1219, 1224 (2d Cir.1994).

To establish a municipal liability claim under Section 1983, Plaintiff must show that his constitutional rights were violated as the result of a policy, custom or practice of the municipality. *Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 694, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). The policy or custom need not be an explicitly adopted rule; an unconstitutional practice that is so persistent and widespread can constitute "custom or usage" and create municipal liability. *See Sorlucco v. New York City Police Dept.,* 971 F.2d 864, 870

(2d Cir.1992) (citing *Monell*, 436 U.S. at 694, 98 S.Ct. 2018). However, "[a] municipal agency may not be held liable under § 1983 simply for the isolated unconstitutional acts of its employees." *Sorlucco*, 971 F.2d at 870.

Plaintiff's complaint alleges that "the County of Nassau (through their agents and employees at the District Attorney's office) without just cause did intend to maliciously prosecute plaintiff and abuse process." (Compl.¶ 8.). Additionally, Plaintiff's complaint alleges:

> All the Defendant's [sic] during the acts alleged herein have acted and continue to act under color of state law and with malicious intent, without just cuase [sic], cuased [sic] the unlawful arrest; unlawful imprisonment; malicious prosecution of plaintiff as well as a misuse or perversion of regularly issued legal process not justified by nature of process.

(*Id.* at ¶ 10.) These allegations do not state a custom or policy of constitutional violations attributable to Defendant. Nor do Plaintiff's opposition papers save his claim:

> I will attempt to clarify what I feel is the most definitive description of the muninciple [sic] policy and procedure The County of Nassau was engaged in at the time when the constitutional violation against the plaintiff did in fact take place.
>
> The County of Nassau is a muninciplaity [sic], owned and operated by The County of Nassau, existing and operating under and by virtue of the laws of The State of New York.
>
> The County of Nassau has a police department, it's officers are hired specifically by the county, and sworn in to the police force under oath, to uphold the laws of Nassau County and The State of New York.

\* \* \* \* \* \*

It has been a long known understanding by people in the community that police officers make arrests, they take individuals into custody if they honestly believe that that individual has committed [sic] a crime.

The police then fill out the necessary forms and paperwork, as well as include all the evidence they can gather on the arrest and then they take it to the District Attorney of that munincipality [sic], so that the District Attorney (AKA: "THE PEOPLE") can indict, prosecute and convict any individual they feel has broken any of the laws that he has been sworn to uphold.

The District Attorney and the police officers in this case did exactly that. The only difference here is, that they stepped outside the boundaries of law and order to achieve that purpose. They violated the constitutional rights of a person that they both knew was obtained in bad faith, one that was obtained while the plaintiffs [sic] rights were in fact, being violated only a month earlier, and they used it as a means to justify the ends and they called it justice.

\* \* \* \* \* \*

I would assume that the muninciple [sic] custom or policy that The Nassau County Police Dept. and The District Attorneys Office of the County of Nassau were performing in concert together was: "That they were enforcing the laws of the State of New York, and protecting it's [sic] citizens?". Or more specifically, they were acting as agents of The County of Nassau, performing their duties in their individual capacities, working together to enforce the laws they had sworn to uphold and at the same time making sure that the plaintiff recieved [sic] due process by giving him a fair

and impartial hearing, abiding by the rules and guidelines set forth by the laws of The State of New York.

(Pl.'s Aff. in Opp'n at 7–9.) The gravamen of Plaintiff's complaint is that the District Attorney's office and the Village of Hempstead police officers unlawfully used a trespass form to prosecute Plaintiff. As a matter of law, Plaintiff's above conclusory allegations of institutional involvement are insufficient to state an actionable claim of custom or policy of the County of Nassau. Accordingly, Defendant's motion for summary judgment on Plaintiff's municipal liability claims is granted. *See Sepulveda,* 2003 WL 22052870, at *2 (granting summary judgment for defendant New York City Police Department where plaintiff failed to disclose "any policy or custom of unconstitutional practices in the NYPD").

## III Request for Appointment of Counsel

■ Plaintiff's second request for appointment of counsel is denied, because he failed to make a showing of likelihood of merit. *Ferrelli v. River Manor Health Care Ctr.,* 323 F.3d 196, 204–05 (2d Cir. 2003).

### CONCLUSION

For the foregoing reasons, Defendants' motion for summary judgment is GRANTED. Plaintiffs' motion to amend and motion for appointment of counsel are DENIED.

**SO ORDERED.**