# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**
July 15, 2010

No. 09-31050
Summary Calendar

Lyle W. Cayce
Clerk

LAWRENCE MILLER,

Plaintiff - Appellant

v.

ANTHONY MANCUSO, individually and in his official capacity as Sheriff of Calcasieu Parish; BRENT CLOUD; MIKE AYMOND; ST. PAUL FIRE & MARINE INSURANCE CO.,

Defendants - Appellees

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 2:08-CV-1131

Before JONES, Chief Judge, and DAVIS and PRADO, Circuit Judges.

PER CURIAM:[*]

Reverend Lawrence Miller appeals the dismissal of his claims against two Sheriff's deputies and an insurance company which the district court held were untimely filed. On August 5, 2008, Miller filed suit claiming that on August 6, 2007 "two unknown" deputies unlawfully arrested him and used excessive force.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 09-31050

His complaint named Sheriff Mancuso, "two unknown deputies," and "XYZ Insurance Company." On March 10, 2009, Miller identified Deputies Cloud and Aymond and St. Paul Fire & Marine Insurance Company in a motion to amend his complaint. The district court dismissed the claim against Sheriff Mancuso, a ruling that Miller does not appeal. Following Sheriff Mancuso's dismissal, the remaining three defendants moved to dismiss, asserting that Miller had not filed timely claims against them. The district court granted the motion to dismiss and Reverend Miller appeals.

Section 1983 does not provide for a statute of limitations; rather, the forum state's personal injury statute of limitation applies. *Moore v. McDonald*, 30 F.3d 616, 620 (5th Cir. 1994). In Louisiana, there is a one-year prescription period for delictual actions. *See Elzy v. Roberson*, 868 F.2d 703, 794 (5th Cir. 1989); LA. CIV. CODE ANN. art. 3492. Filing suit against one alleged tortfeasor interrupts prescription against all joint tortfeasors. LA. CIV. CODE ANN. art. 2324(c). However, "where no liability is found on the part of a timely sued alleged tortfeasor, then prescription is not interrupted as to untimely sued tortfeasors, as no joint or solidary obligation exists." *Gallina v. Hero Lands Company*, 859 So.2d 758, 767 (La. App. Ct. 4th Cir. 2003). "Prescription is not interrupted as to an actual defendant when only a fictitious defendant is named in a petition, unless prescription is interrupted by some other means." *Id.* at n.6 (quoting *Hill v. Shell Oil Co.*, 760 So.2d 511, 512-13 (La. Ct. App. 5th Cir. 2003)). Thus, the dismissal of Sheriff Mancuso eliminated his status as an anchor for interruption of prescription against the deputies.

Miller alternatively asserts that his March 10, 2009 amendment to his complaint should relate back to his initial pleading on August 5, 2008, which would make his suit timely against the deputies. Federal Rule of Civil Procedure 15(c) allows an amendment to a complaint to relate back to the date the original complaint was filed. FED. R. CIV. P. 15(c). However, Rule 15(c) "is

meant to allow an amendment changing the name of a party to relate back to the original complaint *only if the change is the result of an error, such as a misnomer or misidentification.*" *Jacobsen v. Osborne*, 133 F.3d 315, 320 (5th Cir. 1998) (citation omitted) (emphasis added). "[F]ailing to identify individual defendants cannot be characterized as a mistake." *Id.* (citing *Barrow v. Wethersfield Police Dept.*, 66 F.3d 466, 469 (2d Cir. 1995)).

The record shows that Reverend Miller knew the identities of the "two unknown deputies" long before he filed his initial complaint. In a deposition, Miller revealed that he learned Deputy Aymond's name a couple days after the incident and learned Deputy Cloud's name on the night of the incident. Further, Miller's wife filed a citizen's complaint with the Calcasieu Parish Sheriff's Office of Internal Affairs and specifically named Deputies Cloud and Aymond on August 13, 2007, one week after the lawful arrest. Consequently, there was no mistake about their identities and no reason to either interrupt prescription under Louisiana law or allow the March 10, 2009 amendment to relate back to the original complaint. The district court correctly held that Miller's claims are untimely.

**AFFIRMED**