# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

January 10, 2022

Lyle W. Cayce
Clerk

No. 21-30311
Summary Calendar

Alvin Francois,

*Plaintiff—Appellant*,

*versus*

Sheriff Scott Anslum,

*Defendant—Appellee*.

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 6:18-CV-661

Before Davis, Jones, and Elrod, *Circuit Judges*.

Per Curiam:*

Plaintiff Alvin Francois appeals the district court's summary judgment in favor of defendant Sheriff Scott Anslum, dismissing Francois's 42 U.S.C. § 1983 action as untimely. Because the district court did not err in determining that the complaint was untimely, we AFFIRM.

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-30311

## BACKGROUND

Francois asserts that, between May 17 and 19, 2017, deputies with the St. Mary Parish Sheriff's Office physically abused him while he was incarcerated at the St. Mary Parish Law Enforcement Center ("SMPLEC"). Francois filed a complaint pursuant to 42 U.S.C. § 1983 against St. Mary Parish Sheriff Anslum and others on May 17, 2018. Anslum moved for summary judgment on the ground that Francois's claims were untimely. The motion was supported by custody records that showed Francois was not incarcerated at SMPLEC after April 4, 2016. Specifically, the records state Francois was incarcerated at SMPLEC from April 8, 2015 until April 4, 2016, after which he was transferred to prisons outside the St. Mary Parish Sheriff's authority. The custody records further reflect that Francois was released from incarceration on March 25, 2017.

The district court held that Louisiana's one-year limitations period for personal injury tort actions applies to Francois's § 1983 claims. The court noted that Francois presented no evidence establishing that he was incarcerated at SMPLEC at any time after April 4, 2016; therefore that date is the latest the events underlying his claims could have occurred. Because Francois did not file his lawsuit until two years after he was released from SMPLEC, the court held that his claims were time-barred. The court also rejected Francois's arguments regarding *contra non valentem* and equitable tolling. Francois timely appealed.

## DISCUSSION

"We review the grant of a motion for summary judgment de novo, applying the same standard as the district court."[1] Summary judgment is

---

[1] *Moss v. BMC Software, Inc.*, 610 F.3d 917, 922 (5th Cir. 2010) (citation omitted).

proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[2] "A fact is material if it might affect the outcome of the suit [and a] factual dispute is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."[3] "We resolve factual controversies in favor of the nonmoving party, but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts."[4] A party cannot defeat a properly supported motion for summary judgment by simply pointing to "some metaphysical doubt as to the material facts" or by reliance on "conclusory allegations," "unsubstantiated assertions," or a "scintilla" of evidence.[5]

Section 1983 does not contain a statute of limitations.[6] Courts therefore borrow an appropriate limitations period from state law.[7] Here, the one-year prescriptive period contained in Louisiana Civil Code Article 3492 applies to Francois's claims.[8]

Francois asserts in his brief that he was incarcerated at SMPLEC "on or about May 2017" and that sheriff deputies physically abused him "between May 17-19, 2017." However, Francois provides no summary judgment evidence that he was incarcerated—at SMPLEC or any other

---

[2] FED. R. CIV. P. 56(a).

[3] *Harville v. City of Houston*, 945 F.3d 870, 874 (5th Cir. 2019) (quotations and citations omitted).

[4] *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc).

[5] *Id.*

[6] *See King-White v. Humble Indep. Sch. Dist.*, 803 F.3d 754, 758 (5th Cir. 2015).

[7] *Id.*

[8] *Elzy v. Roberson*, 868 F.2d 793, 794-95 (5th Cir. 1989); *Miller v. Mancuso*, 388 F. App'x 389, 391 (5th Cir. 2010) (unpublished).

No. 21-30311

prison—at that time.[9] The custody records establish that Francois was released from SMPLEC on April 4, 2016, and that his subsequent confinement at other prisons ended on March 25, 2017. Francois's unsupported assertion in his brief does not rebut this evidence.[10] Therefore, there is no genuine dispute that Francois filed his lawsuit at least two years after the abuse at SMPLEC allegedly occurred.

Nevertheless, Francois contends that equitable tolling excuses his delay. However, equitable tolling does not apply under Article 3492.[11] While Louisiana law does recognize a similar doctrine called *contra non valentem*,[12] Francois does not challenge the district court's conclusion that the requirements of that doctrine are not satisfied in this case. Furthermore, we agree with the district court that *Fisher v. Johnson*,[13] the case cited by Francois, is legally and factually inapposite.

In short, the district court correctly concluded that Francois's action is time-barred. Accordingly, the judgment of the district court is AFFIRMED.

---

[9] The only evidence Francois points to is his affidavit, but that document does not state when he was incarcerated or when the alleged abuse occurred.

[10] *See Little*, 37 F.3d at 1075; 10A CHARLES ALAN WRIGHT, ET AL., FEDERAL PRACTICE & PROCEDURE § 2723 (4th ed. 2021).

[11] *See In re Taxotere (Docetaxel) Prods. Liab. Litig.*, 995 F.3d 384, 389-91 (5th Cir. 2021).

[12] *Id.*

[13] 174 F.3d 710 (5th Cir. 1999).