Elgin BARROW, Plaintiff–Appellant,

v.

WETHERSFIELD POLICE DEPT., Wethersfield, Town of, and John Doe, Officer 1–10, Defendants,

Joseph F. Cefaratti, Kevin Dillon, John Karangekis, Arthur Kureczka, Mark Miele and K.M. Monde, Defendants–Appellees.

Docket No. 93–2821.

United States Court of Appeals, Second Circuit.

Sept. 14, 1995.

Amended Jan. 31, 1996.

Present: OAKES, KEARSE, LEVAL, Circuit Judges.

### AMENDED ORDER

PER CURIAM.

This order serves to modify this panel's opinion filed in this case on September 14, 1995, 66 F.3d 466 as follows:

**Insert on slip op. page 7392 [66 F.3d at 469] before first full paragraph:**

In 1966, Rule 15(c) was amended to include the language at issue in this case: an amended complaint relates back if the misidentified party "knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party." Rule 15(c)(3)(B). The Advisory Committee Notes to the amendment state that this subsection cures the problems that arise, for example, when a defendant mistakenly sues an agency of the government without knowing that the cause of action requires the defendant to sue an agency head. An amendment to cure such a mistake, the Notes indicate, should relate

back to the original amendment if the requirements of Rule 15(c) are met—in other words, such an amendment arises out of a "mistake" as Rule 15(c) intends that term.

Here we are not faced with a plaintiff who mistakenly believed that suing the police department, rather than a department head, would suffice. Instead, Barrow was informed by the court—within the limitations period as Barrow construes it—that he needed to name the individual officers as defendants. Therefore, Barrow was not "mistaken" for purposes of rule 15(c)—he knew exactly what the court required. Barrow's subsequent failure to identify the individual officers is a separate matter to which Rule 15(c) does not speak.

**Change first two lines of paragraph beginning "The Seventh Circuit" on slip op. page 7392 [66 F.3d at 469] to read:**

The Seventh Circuit, in a case where a plaintiff sought to amend a complaint against "unknown police officers," has held that Rule 15(c):

**Change last sentence of paragraph beginning "We are compelled" on slip op. page 7392 [66 F.3d at 470] to read:**

Rule 15(c) explicitly allows the relation back of an amendment due to a "mistake" concerning the identity of the parties (under certain circumstances), but the failure to identify individual defendants when the plaintiff knows that such defendants must be named cannot be characterized as a mistake.

So ORDERED.