**Joseph MARION, Plaintiff,**

v.

**Linda E. GROH, et al., Defendants.**

**No. 3:96CV106 (RNC).**

United States District Court,
D. Connecticut.

Jan. 17, 1997.

Joseph Marion, Putnam, CT, pro se.

Elliot B. Spector, Nicole D. Dorman, Sack, Spector & Barrett, West Hartford, CT, for Linda E. Groh.

Brian S. Mead, Quinebaug, CT, for Loren Salvietti.

Stephen Richard Sarnoski, Attorney General's Office, Public Safety & Special Revenue, Hartford, CT, Ann E. Lynch, Attorney General's Office, Hartford, CT, for Paul M. Roy, Lawrence Blanchette, David J. Cournoyer, Mark S. Solak, Mark Stabile, Vincent Dooley, Paul J. Narducci.

## RULING AND ORDER

CHATIGNY, District Judge.

Plaintiff Joseph Marion, acting pro se, brings this action under 42 U.S.C. § 1983 seeking damages against numerous defendants for alleged violations of his civil rights. His original complaint was dismissed with leave to file an amended complaint, which he has done. The defendants have responded to the amended complaint by filing renewed motions to dismiss. For the reasons that follow the motions to dismiss are granted.

### I. Background

The allegations of the amended complaint, which are accepted as true and construed in a manner most favorable to the plaintiff, tell the following story. On January 23, 1993, the plaintiff posted an "election sign" near a town hall. The plaintiff, who had parked his car in an adjacent lot, was about to drive away when he was approached by defendant Linda Groh, the town's first selectwoman. Groh told the plaintiff in a rude manner to remove the sign because it was on town property. The plaintiff made two left hand turns in the parking lot, then drove off, apparently without taking his sign.

Shortly after the plaintiff drove away, Groh contacted defendant Paul M. Roy, a Connecticut state police officer, and com-

plained that the plaintiff had "cursed at her" and "tried to run her over" in the parking lot. Roy subsequently arrested the plaintiff on charges of breach of peace, reckless driving and reckless endangerment. The plaintiff was held at the state police station all day before being released on a $500 bond. During his detention, one or more state police officers taunted him with statements reflecting a bias in favor of Groh.

In July 1994, the charges against the plaintiff were the subject of a jury trial. The jury acquitted the plaintiff of reckless driving, but convicted him of reckless endangerment. The reckless endangerment conviction was wrongly obtained based on perjured testimony provided by Groh and defendant Loren Salvietti, who corroborated Groh's testimony in furtherance of a conspiracy to deprive the plaintiff of a fair trial.[1]

## II. *The Motion to Dismiss Filed by the State Defendants*

Among the many defendants named in the amended complaint are a number of Connecticut prosecutors and police officers, all of whom are sued in their individual and official capacities.[2] These defendants, represented by Attorney General Blumenthal's office, have moved to dismiss the amended complaint on various grounds [doc. # 29].

■ The motion to dismiss is granted as to the following prosecutors named in the amended complaint: Solak, Narducci, Dooley, Carridad and Stabile. The amended complaint refers to the claim against these individuals as a claim for malicious prosecution. Any such claim is barred by absolute prosecutorial immunity. *Imbler v. Pachtman*, 424 U.S. 409, 420, 431, 96 S.Ct. 984, 990, 995, 47 L.Ed.2d 128 (1976) (state prosecutors absolutely immune from liability under § 1983 for initiating prosecution and presenting state's case). *See Pinaud v. County of Suffolk*, 52 F.3d 1139, 1147, 1149 (2d Cir. 1995) (malicious prosecution claim covered by doctrine of absolute prosecutorial immunity, which creates "formidable obstacle" for plain-

tiff seeking relief under § 1983). Plaintiff's allegation of a conspiracy to present false testimony against him at his criminal trial does not undercut the prosecutors' absolute immunity. *Pinaud*, 52 F.3d at 1148-49; *Dory v. Ryan*, 25 F.3d 81, 82-83 (2d Cir. 1994).

■ Plaintiff alleges that one or more of the prosecutors involved in the underlying criminal case screamed at him in a pretrial conference, refused to have conferences with him and kept him waiting in court many times by calling his case last. The function of scheduling (or refusing to schedule) pretrial conferences is arguably administrative in nature. *See Pinaud*, 52 F.3d at 1150-1151 (prosecutors' conduct in subjecting criminal defendant to "Bullpen Therapy"—i.e., needless and repeated transport from county jail to courthouse on days when defendant's case not on court's calendar—not covered by prosecutorial immunity). However, even assuming plaintiff's allegations show a constitutional violation not covered by absolute immunity, they are insufficient to overcome the prosecutors' qualified immunity, which bars recovery of damages from defendants sued in their individual capacities unless the defendants' actions violated "clearly established law." *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982).

■ The motion to dismiss filed by the Attorney General's office on behalf of the state defendants is also granted as to the following state police officers, who were named as defendants for the first time in the amended complaint: Darcy, Margaritis, Leonard Blanchette, Gookin and Fabian. The allegations against these defendants are vague and conclusory. However, it appears that the allegations against them are based solely on their involvement in other arrests and prosecutions of the plaintiff.

The order dismissing the original complaint with leave to amend was not·intended

---

1. The original complaint indicates that the breach of peace charge was dismissed by the court "as unconstitutional." Or.Comp. ¶ 16.

2. The plaintiff's intent to sue all the defendants in their individual and official capacities can be inferred from the allegations of his original complaint. *See* Comp. ¶¶ 5-10.

to provide the plaintiff with an opportunity to broaden the scope of this action to include additional defendants who were not involved in the arrest and prosecution arising from his encounter with Groh. Moreover, plaintiff's conspiracy allegations are insufficient to warrant joining other claims for false arrest and malicious prosecution with the claims for false arrest and malicious prosecution he attempted to present in his original complaint. Accordingly, the amended complaint is dismissed as to the newly-named defendants, none of whom appears to have had anything to do with the arrest and prosecution of the plaintiff arising from his dispute with Groh.[3]

█ With regard to the remaining state police officers, whose names appear in the captions of both the original and amended complaints, defendants Roy, Lawrence Blanchette and David A. Cournoyer, dismissal is also appropriate. Plaintiff alleges that Roy and Groh "colluded without probable cause to assault . . . and punish him with false charges." Am.Comp. at 3. However, the amended complaint specifically alleges that Groh "lied" to Roy when she told him the plaintiff had "cursed at her" and "tried to run her over" *id.* at 2, and that Roy "erroneously concluded without interviewing all witnesses that the facts constituted a violation of law and base [sic] for prosecution." *Id.* at 3. Plaintiff's allegation that Groh lied to Roy refutes, rather than supports, his conclusory allegation of a conspiracy between Groh and Roy, as does the allegation that Roy "erroneously concluded" he had probable cause.

█ Plaintiff cannot recover damages against Roy for false arrest unless he can overcome Roy's defense of qualified immunity. *See Anderson v. Creighton,* 483 U.S. 635, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987). The issue presented by the qualified immunity defense is whether a reasonable officer could have believed there was probable cause to arrest the plaintiff on the charges in question. Plaintiff has alleged no facts and circumstances that would make it objectively unreasonable for a police officer to credit Groh's report and conclude that there was probable cause. Accordingly, plaintiff's claim against Roy is insufficient to overcome Roy's qualified immunity defense.

Turning to the claims against the remaining two officers, the amended complaint is properly dismissed as to Lawrence Blanchette because the only allegation against him is that he made an annoying remark to the plaintiff while the plaintiff was in custody. Am.Comp. at 3. The amended complaint is properly dismissed as to Cournoyer because the body of the amended complaint does not appear to refer to him at all.[4]

### III. *The Other Motions To Dismiss*

█ Motions to dismiss have also been filed by defendants Groh [doc. # 31] and Salvietti [doc. # 38]. The amended and original complaints can be construed as attempting to state a § 1983 claim against Groh for malicious prosecution. To state a claim for relief under § 1983, a plaintiff must allege facts showing that the defendant deprived him of a federally protected right while acting under color of law. *Parratt v.*

---

**3.** If and to the extent one or more of the newly-named defendants had some direct, personal involvement in the plaintiff's arrest and detention on January 23, 1993, the claim against them is barred by the applicable three-year statute of limitations for § 1983 claims brought in Connecticut, Conn.Gen.Stat. § 52–577, because they were not named as defendants until the amended complaint was filed on November 4, 1996. Any claim against them arising from the arrest and detention at issue here would not relate back to the filing of the original complaint under Fed. R.Civ.P. 15(c). *See Barrow v. Wethersfield Police Dept.,* 66 F.3d 466 (2d Cir.1995), *modified,* 74 F.3d 1366 (2d Cir.1996). Nor would plaintiff's allegation of a wide-ranging conspiracy save his claims against these newly-named defendants

from the running of the statute of limitations. *See Pinaud,* 52 F.3d at 1156.

**4.** In his original complaint, plaintiff alleged that after being arrested he was detained in "harsh conditions without heat and food for nine hours . . . with threats, peonage and intimidation from state troopers Blanchette and Cournoyer." Comp. at 4–5. No such allegation appears in the amended complaint. If plaintiff wants to try to pursue a civil rights claim against these two officers based on his detention on January 23, 1993, he may do so by filing another amended complaint. However, plaintiff should bear in mind that any such claim will be subject to dismissal unless it can overcome the defense of qualified immunity.

*Taylor,* 451 U.S. 527, 535, 101 S.Ct. 1908, 1912–13, 68 L.Ed.2d 420 (1981). Plaintiff's § 1983 malicious prosecution claim against Groh is legally insufficient because, even if Groh's statement to Roy concerning the plaintiff's conduct in the parking lot was false, Groh did not act under color of law. Groh did not complain to Roy in her capacity as first selectwoman; the complaint was unrelated to her duties as first selectwoman. Her conduct in telling Roy that the plaintiff had cursed at her and tried to hit her with his car was like that of any private citizen making a complaint to the police. *See Hughes v. Meyer,* 880 F.2d 967, 971–72 (7th Cir.1989), *cert. denied,* 495 U.S. 931, 110 S.Ct. 2172, 109 L.Ed.2d 501 (1990).[5]

■ Salvietti's motion to dismiss is granted because there is no allegation that would support a finding that she deprived the plaintiff of a federal right while acting under color of law. Plaintiff alleges that Salvietti, a private citizen, conspired with Groh to deprive him of a fair trial. Private parties who enter into an agreement with public officials to violate another's federally protected rights act under color of law for purposes of § 1983. *Dennis v. Sparks,* 449 U.S. 24, 28, 101 S.Ct. 183, 186–87, 66 L.Ed.2d 185 (1980). However, the amended complaint does not allege facts showing an agreement or meeting of the minds between Salvietti and Groh and, in any event, Groh was not acting under color of law.[6]

Plaintiff will be given another opportunity to file an amended complaint but only in accordance with the following restrictions: (1) plaintiff will not be permitted to file an amended complaint in this action against anyone other than defendants Groh, Salvietti, Roy, Lawrence Blanchette and Cournoyer; (2) any amended complaint must set forth separately as to each defendant a short, plain statement of the plaintiff's complaint with regard to that particular defendant, consisting of specific, nonconclusory factual allegations showing what that defendant did or omitted to do that entitles plaintiff to recover damages from that defendant; and (3) any amended complaint must be filed on or before February 28, 1997.

So ordered.

---

**5.** The amended and original complaints attempt to state a claim against Groh for assault, apparently under applicable state law. Plaintiff alleges in conclusory terms that Groh approached him in a threatening manner. However, the amended complaint does not allege any specific words or acts by Groh that would amount to an assault (i.e. that would create an apprehension of an immediate physical threat). Even if the amended complaint stated a state law claim against Groh for common law assault, in the absence of a viable federal claim, the assault claim would be properly dismissed for lack of jurisdiction.

**6.** Even if Groh did act under color of law, plaintiff's § 1983 malicious prosecution claim would be foreclosed in whole or in part by the jury verdict convicting him of reckless endangerment. The Second Circuit allows recovery for malicious prosecution under § 1983 provided the plaintiff can establish termination of the underlying criminal prosecution in his favor in accordance with applicable state law. *Hygh v. Jacobs,* 961 F.2d 359, 367 (2d Cir.1992). In Connecticut, a person acquitted of a criminal charge but convicted of a more serious charge involving the same conduct is not "discharged" and, accordingly, may not maintain an action for malicious prosecution. *See DeLaurentis v. New Haven,* 220 Conn. 225, 254 and n. 14, 597 A.2d 807 (1991).