Benjamin SMITH, Plaintiff,

v.

CITY OF PHILADELPHIA,
et al., Defendants.

No. 03–CV–5033.

United States District Court,
E.D. Pennsylvania.

March 16, 2005.

Benjamin Smith, Pro Se, Bellefonte, PA, for plaintiff.

Peter D. Han, Fineman Krekstein & Harris, P.C., Michael L. Detweiler, City of Phila Law Depart., Philadelphia, PA, for Defendants.

## MEMORANDUM AND ORDER

ANITA B. BRODY, District Judge.

*Pro se* plaintiff Benjamin Smith ("Smith") brings this action under 42 U.S.C. § 1983 against defendants City of Philadelphia ("the City"), Commissioner John Timoney ("Timoney"), Inspector Michael Banach ("Banach"), Captain Thomas Nestel ("Nestel"), Sergeant James Kimrey ("Kimrey"),[1] Police Officer ("P/O") Jerold Seiple ("Seiple"), P/O Nathaniel Smith ("N.Smith"), P/O John Bender ("Bender"), and P/O Mariiza Mendez ("Mendez"). Jurisdiction is based on the existence of a federal question. Currently before me is a motion to dismiss by defendants Timoney, Banach, Nestel, Bender, and Mendez. For the reasons set forth below, the motion is granted as to defendant Timoney and denied as to defendants Banach, Nestel, Bender, and Mendez ("moving defendants").[2]

## BACKGROUND

On September 8, 2003, plaintiff Smith filed an application to proceed *in forma pauperis*. At the same time, Smith submitted to the clerk's office his original complaint alleging racial profiling and the use of excessive force in the course of his arrest on September 7, 2001. (Compl. at 4–5.) The original complaint named as defendants the City, Seiple, N. Smith, P/O John Doe, P/O Jane Doe, and "Sgt. John Doe (Kimery # 8696)." (*Id.* at 1.) Smith's original complaint also named the Philadelphia Police Department as a defendant.[3]

---

1. Plaintiff Smith refers to this defendant as Sgt. James "Kimery" (Second Am. Compl. at 1), the court's docket refers to this defendant as James "Kimerly," and defense counsel refers to this defendant as Sgt. James "Kimrey" (Answer at 1). For purposes of this opinion, I will adopt the spelling of defense counsel.

2. Because he will be treated separately, Timoney is not included in the term "moving defendants."

3. Smith's second amended complaint, which is the subject of the instant motion, was filed on July 13, 2004 and did not include the Philadelphia Police Department as a defendant. (Second Am. Compl. at 1.)

On January 12, 2004, I granted Smith leave to proceed *in forma pauperis* and Smith's original complaint was formally filed.

On January 14, 2004, Smith filed a motion for leave to amend the complaint. I granted the motion on February 11, 2004 and the first amended complaint was officially filed on that date. The first amended complaint added defendants "Commissioner John Doe of the Philadelphia Police Department," and "Commander John Doe 24th & 25th District." (First Am. Compl. at 1.)

On March 1, 2004, Smith filed a motion to compel discovery "attempting to identify the following defendants for the required service of process: (1) Officer John and Jane Doe, operating Unit 26T4, the vehicle which transported the plaintiff to the hospital on September 7, 2001 at approx. 2:30 a.m. (2) Sgt. John Doe, supervisor at scene of arrest and the hospital. (3) Ex–Police Commissioner John Timoney and 24th and 25th Police District Commander." (Mot. Compel at 1.)

On April 7, 2004, Assistant City Solicitor Peter Han ("Han"), filed an answer to Smith's first amended complaint on behalf of defendants the City, Seiple, and N. Smith. On the same date, Han also filed a response to Smith's motion to compel on behalf of defendants the City, Seiple, and N. Smith. Exhibit C of defendants' response was the "Answers and Objections of [defendants] to Plaintiff's First Set of Interrogatories." (Defs.' Resp. Opp'n Pl.'s Mot. Compel Ex. C.) Exhibit C identified Bender and Mendez as the officers who transported plaintiff to the hospital on September 7, 2001. (*Id.* at 2.) Exhibit C also identified Banach and Nestel as the

commanders of the 24th and 25th Districts. (*Id.*)

On July 8, 2004, Smith filed a motion for leave to amend his complaint. I granted that motion on July 13, 2004, and Smith's second amended complaint was filed on that day. The second amended complaint named as defendants the City, Timoney, Banach, Nestel, Kimrey, Seiple, N. Smith, Bender and Mendez. (Second Am. Compl. at 1.)

On August 27, 2004, Assistant City Soliciter Han filed an answer to plaintiff's second amended complaint on behalf of defendants the City, Seiple, N. Smith, and Kimrey. Also on August 27, 2004, Han filed the instant motion to dismiss on behalf of moving defendants.

## STANDARD OF REVIEW

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) challenges the legal sufficiency of the complaint. *Kost v. Kozakiewicz,* 1 F.3d 176, 183 (3d Cir.1993). In ruling on a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a court must "accept as true the factual allegations in the complaint and all reasonable inferences that can be drawn therefrom." *Nami v. Fauver,* 82 F.3d 63, 65 (3d Cir.1996). Since the court must determine whether "under any reasonable reading of the pleadings, the plaintiff may be entitled to relief," a claim may be dismissed only "if it appears that the plaintiffs [can] prove no set of facts that would entitle them to relief." *Id.*

## DISCUSSION

Moving defendants argue that Smith's claims against them should be dismissed because the claims were made after the statute of limitations had run.[4] (Mot. Dis-

---

4. The statute of limitations for § 1983 actions brought in Pennsylvania is two years. *Lake v. Arnold,* 232 F.3d 360, 368–69 (3d Cir.2000).

Smith's claims arise from events allegedly occurring on September 7, 2001. (Compl. at 4–5.) Two-years from September 7, 2001 is

miss at 4.) The statute of limitations for Smith's claims ran on September 8, 2003. Smith did not individually name the moving defendants in this lawsuit until he filed his second amended complaint on July 13, 2004, after the statute of limitations had run.

Smith argues that his second amended complaint relates back to the date of his original complaint under Federal Rule of Civil Procedure 15(c)(3), allowing for relation back of amendments that change parties or add new parties. Therefore, Smith argues, his claims against moving defendants were filed within the statute of limitations. (Pl.'s Opp'n Mot. Dismiss at 1.) For the reasons set forth below, Smith's claims against the moving defendants satisfy the requirements for relation back under Rule 15(c)(3).

Rule 15(c) provides:

(c) Relation Back of Amendments. An amendment of a pleading relates back to the date of the original pleading when

(1) relation back is permitted by the law that provides the statute of limitations applicable to the action, or

(2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, or

(3) the amendment changes the party or the naming of the party against whom a claim is asserted if the foregoing provision (2) is satisfied and, within the period provided by Rule 4(m) for service of the summons and complaint, the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

F.R. Civ. P. 15(c). Because Smith's second amended complaint both added new defendants and changed originally named defendants,[5] subsection (3) of the Rule is applicable. In order for Smith's second amended complaint to relate back to the date of his original complaint under Rule 15(c)(3), three conditions must be met. First, Smith's claims against the moving defendants must arise "out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." Second, within 120 days of the filing of Smith's original complaint,[6] the moving defendants must have "received such notice of the action that [they] will not be prejudiced in maintaining a defense on the merits." The Third Circuit has

September 7, 2003. September 7, 2003 was a Sunday. Under both 1 Pa.C.S.A § 1908 and F.R. Civ. P. 6(a), that day is excluded from the limitations period. Therefore, the last day for Smith to file a complaint within the statute of limitations was Monday, September 8, 2003. Smith filed his *in forma pauperis* ("IFP") application on September 8, 2003. Although his original complaint was not officially filed until the IFP application was granted on January 12, 2004, for purposes of the statute of limitations, the complaint was constructively filed on September 8, 2003, the date the clerk received the complaint. *McDowell v. Delaware State Police,* 88 F.3d 188, 191 (3d Cir. 1996). Therefore, Smith's claims against de-

fendants the City, Seiple, N. Smith, and Kimrey, all of whom were named in the original complaint, were filed within the statute of limitations. Defendants do not contest this.

**5.** "Replacing the name John Doe with a party's real name amounts to the changing of a party or the naming of a party under Rule 15(c)...." *Garvin v. City of Philadelphia,* 354 F.3d 215, 220 (3d Cir.2003).

**6.** Under Rule 4(m), service of the summons and complaint should be made upon defendants within 120 days of the filing of the complaint. Fed.R.Civ.P. 4(m).

interpreted the second requirement as containing two prongs, notice and the absence of prejudice, each of which must be satisfied. Third, it must be that within 120 days of the filing of Smith's original complaint, the moving defendants "knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against [the moving defendants]." *Garvin v. City of Philadelphia*, 354 F.3d 215, 222 (3d Cir.2003); *Singletary v. Pennsylvania Department of Corrections*, 266 F.3d 186, 194 (3d Cir.2001); *Fields v. Blake*, 349 F.Supp.2d 910, 917 (E.D.Pa.2004).

*Claims arose out of the same conduct*

The parties do not dispute that Smith meets the first requirement for relation back: that his claims against moving defendants arose from the same conduct as that alleged in his original complaint. Smith's allegations against the moving defendants in his second amended complaint arose out of his arrest on September 7, 2001, the same occurrence that he set forth in his original pleading. (Compl. at 4; Second Am. Compl. at 1.) Therefore, the first requirement is satisfied.

*Notice*

■ The first prong of the second requirement for relation back requires that moving defendants received, within 120 days of the filing of the original complaint, notice of Smith's action. One hundred and twenty days from the official filing of Smith's complaint was May 11, 2004.[7] In the Third Circuit, notice can be actual or constructive. *Singletary*, 266 F.3d at 195. Constructive notice is possible through the "shared attorney" method or through the "identity of interest" method. *Garvin*, 354 F.3d at 222–223; *Singletary*, 266 F.3d at 196–97. Smith does not argue that the moving defendants received actual notice of his action by May 11, 2004. Rather, Smith argues that the moving defendants received notice of his action through both the shared attorney method and the imputed interest method. (Pl.'s Opp'n Mot. Dismiss at 3–4.)

■ In analyzing the shared attorney method, "the relative inquiry . . . is whether notice of the institution of this action can be imputed to the defendant sought to be named within the relevant 120 day period . . . by virtue of representation he shared with a defendant originally named in the lawsuit." *Garvin*, 354 F.3d at 223 (quoting *Singletary*, 266 F.3d at 196). The "fundamental issue here is whether the attorney's later relationship with the newly named defendant gives rise to the inference that the attorney, *within the 120 day period, had some communication or relationship with, and thus gave notice of the action to, the newly named defendant.*" *Garvin*, 354 F.3d at 225 (emphasis in original) (quoting *Singletary*, 266 F.3d at 196–97).

■ The record in this case shows that moving defendants share the same attorney as the original defendants. All current defendants were represented by the

---

**7.** Moving defendants calculate the 120 days for notice from September 8, 2003, the date Smith filed his IFP application. Although for purposes of statute of limitations, Smith's complaint was constructively filed on that date, *McDowell*, 88 F.3d at 191, Smith's complaint was not formally filed until I granted his IFP application on January 12, 2004. The 120–day period under Rule 4(m) is calculated from the formal filing date of the complaint.

F.R. Civ. P. 4(m); see also F.R. Civ. P. 4(c) (stating that the court may appoint United States marshals to serve complaint and summons after plaintiff is authorized to proceed *in forma pauperis*). Any other ruled could result in the 120–day period for service of process expiring before a court has ruled on a plaintiff's IFP motion and before the complaint is actually filed. Therefore, the 120–day period ended on May 11, 2004.

same attorney—Assistant City Solicitor Peter Han.[8] The record also shows that prior to May 11, 2004, there was some communication or relationship between the attorney for the original defendants and four of the five newly-named defendants. On March 1, 2004, Smith filed a motion to compel discovery seeking the identity of the John and Jane Does named in his original complaint and his first amended complaint. (Mot. to Compel at 1; Compl. at 1; First Am. Compl. at 1.) Han's April 7, 2004 response to Smith's discovery motion identified defendants Bender and Mendez as the officers who transported Smith to and from the hospital on the night of his arrest. (Defs.' Resp. Opp'n Pl.'s Mot. Compel Ex. C.) The response also identified Banach and Nestel as the commanders of the 24th and 25th police districts. (Id.) Han's response to Smith's discovery motion indicates that the relationship between Han and defendants Bender, Mendez, Banach and Nestel existed at least as of April 7, 2004, well within the 120–day period. Therefore, through the shared attorney method, notice of Smith's action may be imputed to defendants Bender, Mendez, Banach and Nestel. Defendant Timoney was not named in Defs' Resp. Opp'n Pl.'s Mot. Compel Ex. C. Without other evidence of some communication or relationship between Han and Timoney within the 120–day period, notice of Smith's action may not be imputed to Timoney through the shared attorney method. Garvin, 354 F.3d at 225.

In Garvin, the Third Circuit examined and rejected a plaintiff's shared attorney argument due to insufficient evidence of shared representation. 354 F.3d at 223–27. The plaintiff in Garvin attempted to amend her original complaint against the City and John Doe by substituting four individually named officers for one John Doe named in her original complaint. Id. at 218. The district court denied her motion to amend, finding that it was filed after the statute of limitations had passed, that plaintiff did not meet the requirements for relation back under Rule 15(c)(3), and that therefore the amendment would be futile because the amended complaint could not have withstood a motion to dismiss on the basis of the statute of limitations. Id. at 219. The Third Circuit affirmed the district court. Id. at 228.

In rejecting plaintiff's shared attorney argument, the Third Circuit in Garvin focused on the fact that plaintiff failed to "come forth with evidence that gives rise to the inference that Deputy City Solicitor Sitarski [attorney for the City] or anyone else in the City Solicitor's office had any communication or relationship whatsoever with the four officers within the 120–day period so as to justify imputing notice to the officers." Id. at 226. In order to avail him or herself of the shared attorney method of imputing notice, "a plaintiff must show 'some communication or relationship' between the shared attorney and the John Doe defendant prior to the expiration of the 120–day period." Id. at 225. The court also noted that the "four newly named defendants were not and are not currently represented by the City's attorney." Id. at 223 (quoting the district court).[9]

---

**8.** Although Han failed to file an official entry of appearance in this case, he filed motions or pleadings on behalf of all defendants in this case. Two months after the filing of the instant motion, Han withdrew his appearance from this case. All defendants continued to be represented by an attorney from the City

Solicitor's office, Assistant City Solicitor Michael Detweiler.

**9.** However, even if the attorney for the City in Garvin had entered an appearance for the newly-named defendants at the time of the motion to amend, that would not necessarily allow for imputed notice under the shared

Unlike *Garvin*, the record in Smith's case shows that there was some communication or relationship between the attorney for the original defendants, Assistant City Solicitor Han, and the moving defendants. First, all defendants are currently represented by the same attorney, the City Solicitor's office. More importantly, before Smith filed his second amended complaint, Han filed a response to Smith's discovery motion identifying moving defendants as the John and Jane Doe parties named in plaintiff's original complaint and first amended complaint. (Defs.' Resp. Opp'n Pl.'s Mot. Compel Ex. C.) This response was filed on April 7, 2004, over a month prior to the expiration of the 120–day period on May 11, 2004. Han's response provides the evidence that the Third Circuit found to be missing in *Garvin*. Han's response gives rise to the inference that the attorney for the original defendants, "within the 120 day period, had some communication or relationship with, and thus gave notice of the action to, the newly named defendant."[10] *Garvin*, 354 F.3d at 225. Therefore, notice of Smith's action may be imputed to defendants Bender, Mendez, Banach and Nestel through the shared attorney method.

Smith also argues that notice to defendants Banach and Nestel may be imputed through the identity of interest method. (Pl.'s Opp'n Mot. Dismiss at 4.) Under the identity of interest method, courts in the Third Circuit "also will impute notice if the parties are so closely related in their business operations or other activities that filing suit against one serves to provide notice to the other of the pending litigation." *Garvin*, 354 F.3d at 227. In *Garvin* and *Singletary*, the Third Circuit held that "a non-management employee ... does not share a sufficient nexus of interests with his or her employer so that notice given to the employer can be imputed to the employee for Rule 15(c)(3) purposes." *Garvin*, 354 F.3d at 227 (quoting *Singletary*, 266 F.3d at 200). Unlike the newly named defendants in *Garvin* and *Singletary*, defendants Banach, commander of the 24th police district, and Nestel, commander of the 25th police district, hold supervisory positions in the Philadelphia Police Department, an originally-named defendant. In their supervisory positions, defendants Banach and Nestel share a sufficient nexus of interest with their employer that notice to the police department of Smith's lawsuit can be imputed to defendants Banach and Nestel. Therefore, notice to defendants Banach and Nestel may also be imputed through the identity of interest method.

Smith also argues that defendant Timoney received notice through the iden-

---

attorney method. The main inquiry in the shared attorney method is not whether all defendants shared the same attorney at the time of the motion to amend, but whether the newly-named parties shared an attorney with the original defendants within the relevant 120–day period. *Id.* at 225–26. I note that in Smith's case, even though this is not controlling, counsel for the original defendants, the City's attorney Peter Han, did actually represent moving defendants in front of this court and file motions on their behalf.

10. Smith's case is also distinguishable from *Garvin* in that, unlike the plaintiff in *Garvin*, Smith is a *pro se,* prisoner litigant who has

diligently pursued his claims in court. Even though the plaintiff in *Garvin* was counseled, there was no indication that she responded to the City's initial disclosures or that she promulgated any discovery seeking the identity of the unknown defendants. *Garvin*, 354 F.3d at 218. A review of the docket in Smith's case shows that he filed a motion to compel seeking the identity of John and Jane Doe defendants within two weeks of my order allowing him to file his first amended complaint and before I had even issued a scheduling order. (Docket entry ##10, 12, and 14.) This indicates that Smith was diligently attempting to pursue his claims the best he knew how.

tity of interest method. (Pl.'s Opp'n Mot. Dismiss at 4.) I take judicial notice of the fact that Timoney was no longer Police Commissioner at the time Smith's suit was filed. *See Huertas v. City of Philadelphia,* 2003 WL 21250551, *3 (E.D.Pa. May 5, 2003). Because Timoney was no longer a supervisory employee of the Philadelphia Police Department at the time the suit was filed, he did not share an identity of interest with the police department at that time and notice cannot be imputed to him in this manner.

The record does not show whether defendants Banach and Nestle held their positions as commanders of the 24th and 25th police districts at the time Smith's suit was filed. Because this is a motion to dismiss, I accept as true the factual allegations in the complaint and all reasonable inferences that can be drawn therefrom. For purposes of the instant motion, I assume Banach and Nestel held supervisory positions at the time Smith's suit was filed and that notice maybe imputed to them through the identity of interest method. However, even if Banach and Nestel did not receive constructive notice through the identity of interest method, they did receive constructive notice through the shared attorney method. *See supra* pp. 7–10.

*Absence of prejudice*

The second prong of the second requirement for relation back under Rule 15(c)(3) is a prejudice inquiry that focuses on whether a newly-named defendant is "one who, for lack of timely notice that a suit has been instituted, must set about assembling evidence and constructing a defense when the case is already stale." *Nelson v. County of Allegheny,* 60 F.3d 1010, 1014–15 (3d Cir.1995). Smith's second amended complaint alleges injuries arising from the same incident, his arrest of September 7, 2001, as that described in his original com-

plaint. Smith's claims against moving defendants are similar to the claims he made against the original defendants. The overlapping claims contained in both the original and the second amended complaint include excessive use of force; failure to properly train, supervise, and discipline police officers, and police coverup. (Compl. at 4–5; Second Am. Compl. at 1–3.) Because Smith's claims in the second amended complaint are essentially unchanged from the claims in his original complaint, the evidence relevant to a defense against these claims are similar for both the moving defendants' and the original defendants. Additionally, because moving defendants share the same counsel as the originally named defendants, moving defendants' counsel had access to all evidence regarding the allegations in the second amended complaint in a timely fashion. Therefore, moving defendants have not been prejudiced in assembling evidence or constructing a defense. *Nelson* 60 F.3d at 1014–15; *Fields v. Blake,* 349 F.Supp.2d 910, 917–18 (E.D.Pa.2004). Smith satisfies the second prong of the second requirement for relation back under Rule 15(c)(3) because there is no indication that the moving defendants have been prejudiced in maintaining a defense on the merits.

Because moving defendants received constructive notice of Smith's action, either through the shared attorney method or the identity of interest method, within 120 days of the filing of Smith's original complaint, and because the notice was sufficient such that moving defendants will not be prejudiced in maintaining a defense on merits, Smith's second amended complaint satisfies the second requirement of Rule 15(c)(3) for relation back to the date of his original complaint.

*"But for a mistake"*

Rule 15(c)(3)(B) provides the third and final requirement for relation back: it

must be that within 120 days of the filing of Smith's original complaint, the moving defendants knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against them. In the Third Circuit "the amendment of a 'John Doe' complaint [can meet] all of the conditions for Rule 15(c)(3) relations back, including the 'but for a mistake' requirement." *Singletary*, 266 F.3d at 200 (citing *Varlack v. SWC Carribean, Inc.*, 550 F.2d 171, 175 (3d Cir.1977)).[11] As noted above, the moving defendants in Smith's second amended complaint received notice of the action within 120 days of the filing of Smith's original complaint. Smith's original complaint identified P/Os John and Jane Doe as being present during the incident of September 7, 2001. (Compl. at 1, 4–5.) Smith then filed a discovery motion seeking the identity of P/Os John and Jane Doe. (Mot.Compel.) On April 7, 2004, in response to Smith's discovery motion, counsel for the defendants identified Bender and Mendez as "Officer John and Jane Doe, operating Unit 26T4, the vehicle which transported the plaintiff to the hospital on September 7, 2001 at approx. 2:30 a.m." Given that counsel for Bender and Mendez identified Bender and Mendez as P/Os John and Jane Doe in Smith's complaint, Bender and Mendez knew or should have know that Smith would have named them in his complaint if he had known their names. As for defendants Banach and Nestel, Smith's first amended complaint added "Commander John Doe 24th and 25th District" as defendants. On April 7, 2004, counsel for the moving defendants filed an answer to this complaint. Moving defendants Banach and Nestel, who held the positions of Commanders of the 24th and 25th police districts, knew or should have known that Smith would have

**11.** In *Singletary*, Chief Judge Becker, writing the opinion of the court, noted that several other Courts of Appeals take "the position that the amendment of a 'John Doe' complaint—i.e., the substituting of real names for 'John Does' or 'Unknown Persons' named in an original complaint—does not meet the 'but for a mistake' requirement in 15(c)(3)(B), because not knowing the identity of a defendant is not a mistake concerning the defendant's identity." 266 F.3d at 200 (citing *Wilson v. United States*, 23 F.3d 559, 563 (1st Cir.1994); *Barrow v. Wethersfield Police Dept.*, 66 F.3d 466, 469 (2d Cir.1995), *amended by* 74 F.3d 1366 (2d Cir.1996); *W. Contracting Corp. v. Bechtel Corp.*, 885 F.2d 1196, 1201 (4th Cir. 1989); *Jacobsen v. Osborne*, 133 F.3d 315, 320 (5th Cir.1998); *Cox v. Treadway*, 75 F.3d 230, 240 (6th Cir.1996); *Worthington v. Wilson*, 8 F.3d 1253, 1256 (7th Cir.1993); *Powers v. Graff*, 148 F.3d 1223, 1226–27 (11th Cir. 1998)). The Third Circuit, however, reached the opposite conclusion in *Varlack* "insofar as it held that the plaintiff's lack of knowledge of a particular defendant's identity can be a mistake under Rule 15(c)(3)(B)." *Singletary*, 266 F.3d at 201. The *Singletary* court also found the other circuits conclusion to be "highly problematic:"

It is certainly not uncommon for victims of civil rights violations (e.g., an assault by police officers or prison guards) to be unaware of the identity of the person or persons who violated those rights. This information is in the possession of the defendants, and many plaintiffs cannot obtain this information until they have had a chance to undergo extensive discovery following institution of a civil action. If such plaintiffs are not allowed to relate back their amended "John Doe" complaints, then the statute of limitations period for these plaintiffs is effectively substantially shorter than it is for other plaintiffs who bring the exact same claim but who know the names of their assailants; the former group of plaintiffs would have to bring their lawsuits well before the end of the limitations period, immediately begin discovery, and hope that they can determine the assailants' names before the statute of limitations expires. There seems to be no good reason to disadvantage plaintiffs in this way simply because, for example, they were not able to see the name tag of.the offending state actor.

266 F.3d at 201 n. 5.

named them individually in this action had he known their names. Therefore, as to all four moving defendants, Smith's second amended complaint satisfies the third and final requirement for relation back under Rule 15(c)(3).

## CONCLUSION

For the reasons stated above, Smith's second amended complaint against the moving defendants satisfies all the requirements for relation back to the date of his original complaint under Rule 15(c)(3). Therefore, Smith's claims against the moving defendants were made within the statute of limitations, and the motion to dismiss is denied as to defendants Banach, Nestel, Bender and Mendez. The motion to dismiss is granted as to defendant Timoney.

### *ORDER*

**AND NOW**, this _16TH day of March 2005, it is **ORDERED** that the motion to dismiss (Docket #38) is **DENIED IN PART AND GRANTED IN PART**. The motion is **DENIED** as to defendants Banach, Nestel, Bender and Mendez. The motion is **GRANTED** as to defendant Timoney who is dismissed from this action.